**Francisco Xavier MONTEIRO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71541.

United States Court of Appeals, Ninth Circuit.

Submitted June 23, 2006.*

Filed Aug. 29, 2006.

Fed. R.App. P. 34(a)(2).

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Francisco Xavier Monteiro, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, and remand.

The IJ determined that Monteiro testified credibly and established past persecution in India on account of Monteiro's religion, Roman Catholicism. The BIA adopted and affirmed that decision. However, the IJ and the BIA, citing improved conditions in India regarding treatment of Indian Christians, determined that Monteiro could relocate elsewhere in India to avoid mistreatment.

Monteiro contends that the government failed to rebut the presumption of his well-founded fear of persecution and the presumption that his life or freedom would be threatened upon his return to India. We agree.

If an applicant proves his eligibility for asylum by establishing past persecution, a rebuttable presumption is created that the applicant also has a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(1), and thus will be granted asylum in the exercise of the Attorney General's discretion. *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1190 (9th Cir.2005). The regulation directs the asylum officer in the exercise of his or her discretion to deny asylum if the government proves, by a preponderance of the evidence, either a "fundamental change in circumstances" or that the applicant could avoid persecution by relocating to another part of the applicant's country and, under all the circumstances, it would be reasonable to expect the applicant to relocate. 8 C.F.R. § 1208.13(b)(1)(i), (ii).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

The government did not advance to the BIA or to this court any argument on fundamental change of circumstances. Additionally, the BIA failed to make an individualized analysis of how changed conditions would affect Monteiro's situation. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2004).

The BIA found that Monteiro "could relocate elsewhere in India to avoid mistreatment by Hindu ruffians in his local village in Goa State." This finding is insufficient to rebut the presumption of a well-founded fear of persecution for three reasons. First, Monteiro testified credibly and without contradiction that he could not relocate elsewhere in India. Second, neither the IJ nor the BIA analyzed whether, under all of the circumstances, it would be reasonable to expect Monteiro to relocate. 8 C.F.R. § 1208.13(b)(1)(i)(B); *Knezevic v. Ashcroft,* 367 F.3d 1206, 1214–1215 (9th Cir.2004) (concluding that the IJ's determination that it was reasonable to require the applicants to relocate "was deficient ... [because] the IJ failed to take into account the numerous factors for determining reasonableness outlined in 8 C.F.R. § 1208.13(b)(3)."). Third, the BIA cited a 2002 State Department Report for the proposition that conditions for Indian Christians had improved. That report states, however, that violence increased, then decreased at some unspecified level, and that violence against Christians continued throughout 2001. The report cites several particularly violent attacks against priests, nuns, and other Catholics.

In summary, the government failed to rebut Monteiro's presumption of a well-founded fear of persecution on account of

his religion and thus we conclude he is eligible for asylum. We are not required in these circumstances to remand for further evidentiary proceedings. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1123 n. 7 (9th Cir.2004). Rather, we remand to permit the Attorney General to determine whether discretionary relief should be granted. 8 U.S.C. § 1158(b)(1).

Because Monteiro established past persecution on account of his religion, Monteiro is also entitled to a presumption that his life or freedom would be threatened upon return to India. 8 C.F.R. 1208.16(b)(1). For the reasons discussed above, the government has also failed to rebut this presumption, and we conclude that it is more likely than not that Monteiro would be subject to persecution if returned to India. *Id.; Ndom v. Ashcroft,* 384 F.3d 743, 756 (9th Cir.2004). Monteiro is therefore eligible for withholding of removal. *Id.*[1]

**PETITION FOR REVIEW GRANTED in part; REMANDED.**

---

1. Monteiro also requests withholding of removal under Article 3 of CAT. The IJ made findings, adopted by the BIA, that the collective past persecution did not rise to the level of torture, and that Monteiro failed to establish that it was more likely than not that he would be tortured if returned to India. These findings are supported by substantial evidence. *Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002) ("While the persecution Mr. Gui suffered in Romania was serious, it did not amount to torture.").